UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-262-FDW

| | |
|---|---|
| RICARDO EDWIN LANIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HENDERSON COUNTY DETENTION ) | |
| CENTER, Jail Officials on duty day of incident, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e). (Doc. No. 1).

**I. BACKGROUND**

Pro se Plaintiff Ricardo Edwin Lanier is a pre-trial detainee currently incarcerated at the Henderson County Detention Center in Hendersonville, North Carolina. Plaintiff filed this action on November 25, 2015, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that jail officials failed to protect him from an attack by other inmates, that medical staff subsequently failed to adequately treat Plaintiff's injuries, and that Plaintiff was placed in "strange and unusual conditions of confinement" after the attack by the other inmates. See (Doc. No. 1 at 3-7). Plaintiff seeks compensatory and punitive damages.

**II. STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its

1

frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

For the following reasons, the Court will dismiss this action without prejudice. The only named Defendants in this action are the "Henderson County Detention Center" and "Jail Officials on duty day of incident, et al." First, the Henderson County Detention Center is not a distinct legal entity capable of being sued, nor is it a "person" within the meaning of 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (noting that, for purposes of Section 1983 action, a "person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b). Additionally, as to Defendants "Jail Officials," using the term "jail officials" or the equivalent as a name for alleged defendants, without naming specific officers, is not adequate to state a claim against a "person" as required in Section 1983 actions. Accord Barnes v. Baskerville Corr. Ctr. Med. Staff, No. 3:07CV195, 2008 WL 2564779, at *1 (E.D. Va. June 25, 2008) ("Plaintiff's allegations that unspecified prison personnel violated his rights does not adequately state a § 1983 claim."). Therefore, this action must be dismissed. The dismissal will be without prejudice so that Plaintiff may refile his claim against persons or entities capable of being sued in a Section 1983 action.

### IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.

2. Plaintiff's IFP Application, (Doc. No. 2), is **GRANTED** for the limited purpose of

this initial review.

Frank D. Whitney
Chief United States District Judge