UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-262-FDW

| RICARDO EDWIN LANIER, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| HENDERSON COUNTY DETENTION CENTER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 8). See 28 U.S.C. §§ 1915(e); 1915A. On December 22, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 11). Thus, Plaintiff is proceeding in forma pauperis.

**I.     BACKGROUND**

Pro se Plaintiff Ricardo Edwin Lanier is a pre-trial detainee currently incarcerated at the Henderson County Detention Center in Hendersonville, North Carolina. Plaintiff filed this action on November 25, 2015, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while he was incarcerated as a pre-trial detainee at Henderson County Detention Center ("the jail"), jail officials failed to protect him from an attack by other inmates, that medical staff subsequently failed to adequately treat Plaintiff's injuries, and that Plaintiff was placed in "strange and unusual conditions of confinement" after the attack by the other inmates. Plaintiff has named the

1

following five individuals as Defendants in the Amended Complaint, all alleged to be employees of the jail at all relevant times: (1) Linda Corn, identified as an officer at the jail; (2) Brian Helton, identified as a sergeant at the jail; (3) FNU McDonald, identified as a lieutenant at the jail; (4) Jim Player, identified as a captain at the jail; and (5) FNU Flora, identified as the head nurse at the jail.[1]  Specifically, Plaintiff alleges that Defendants Corn, Helton, and McDonald failed to protect Plaintiff from an assault by two other inmates at the jail on October 20, 2015. Plaintiff alleges that the other two inmates threw Plaintiff over a railing, and Plaintiff's feet were injured when he landed on the floor. (Doc. No. 8 at 3). Plaintiff alleges that Defendants Corn, Helton, and McDonald "were fully aware of the possibility of the battery before it actually happened," as these Defendants had heard the two inmates threaten to kill Plaintiff before they assaulted him. (Id. at 2). Plaintiff also alleges that Defendants Corn, Helton, McDonald, and other unnamed "control booth officers" failed to intervene to stop the attack. (Id. at 3). Plaintiff purports to bring a failure to protect claim against Defendants Corn, Helton, and McDonald.

Plaintiff further alleges that, because of the injury to his feet, he was placed in a wheelchair and taken to medical, where Defendant Nurse Flora examined Plaintiff's swollen foot. Plaintiff alleges that Defendant Flora treated Plaintiff by only giving him some ibuprofen, which Plaintiff alleges was "grossly inadequate," given the injuries to his foot. (Id.). Plaintiff, therefore, purports to bring a claim against Defendant Flora for deliberate indifference to serious medical needs.

---

[1] On November 30, 2015, the Court dismissed without prejudice Plaintiff's claims because he named as the only Defendants the "Henderson County Detention Center" and "Jail Officials on duty day of incident, et al." On December 14, 2015, Plaintiff filed an Amended Complaint, naming the above five individuals as Defendants.

Finally, Plaintiff alleges that he was taken to the booking area and placed in a holding cell, where he was given a mattress and blanket and made to sleep on the floor. (Id. at 4). That night, EMS took x-rays of Plaintiff's foot. The next day Plaintiff was informed that his foot was fractured. Two days later, Plaintiff was given a foot brace. Plaintiff asked Defendant Player why he was being forced to remain in a holding cell, to which Player responded that it was because of Plaintiff's foot brace. Plaintiff alleges that he was forced to sleep on the floor, was given only one blanket without a sheet, was not given any time outside of the holding cell except for a shower every other day, and that a bright light was constantly on in the cell, depriving him of sleep. Plaintiff describes these as "unusual conditions of confinement" that amounted to an Eighth Amendment violation. Based on these allegations, Plaintiff purports to bring a conditions-of-confinement claim against Defendant Player.

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff was a pre-trial detainee at all relevant times. Plaintiff's various claims are therefore properly considered under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). First, as to Plaintiff's failure to protect claim against Defendants Corn, Helton, and McDonald, to state a claim for damages against a prison official for failure to protect an inmate from violence by other inmates, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. See, e.g., Farmer v. Brennan, 511 U.S. 825, 833-35 (1994).

Next, as to Plaintiff's deliberate indifference claim against Defendant Flora, "[p]retrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (internal quotation marks omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). "An officer is deliberately indifferent only when he

'knows of and disregards' the risk posed by the serious medical needs of the inmate." (Id.) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Finally, as to Plaintiff's conditions-of-confinement claim against Defendant Player, in a Fourteenth Amendment conditions-of-confinement claim, a plaintiff must allege facts demonstrating the serious deprivation of a basic human need (the objective prong) and deliberate indifference to the jail conditions by the defendant (the subjective prong). Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). As for the objective prong, "extreme deprivations" are required to make out a conditions-of-confinement claim. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). To show an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler v. Waters, 989 F.2d at 1381, or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions, see Helling v. McKinney, 509 U.S. 25, 33-35 (1993).

Here, taking as true Plaintiff's allegations, and construing all inferences in his favor, the Court finds that Plaintiff's allegations survive initial review as to Plaintiff's claims against Defendants in that they are not clearly frivolous.[2]

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's allegations survive initial review.

**IT IS, THEREFORE, ORDERED** that:

---

[2] This holding merely finds, for the purposes of initial review, that Plaintiff's allegations pass a "frivolity" test. This order does not preclude Defendants from filing a motion to dismiss for failure to state a claim under Rule 12(b)(6), or based on any other defenses.

1. Plaintiff's allegations survive initial review. See 28 U.S.C. §§ 1915(e); 1915A.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. **Plaintiff shall return the completed summonses to the Clerk within 20 days of service of this order. Failure by Plaintiff to complete said summonses properly, including by providing addresses suitable for service, or to return the properly completed summonses as directed will result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m)**.

3. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants pursuant to FED. R. CIV. P. 4(c)(1) and (3).

*signature*
Frank D. Whitney
Chief United States District Judge