# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:15-cv-262-FDW

| | | |
|---|---|---|
| **RICARDO EDWIN LANIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **HENDERSON COUNTY DETENTION** | ) | |
| **CENTER, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| ———————————————————— | ) | |

     **THIS MATTER** is before the Court on a motion to dismiss, (Doc. No. 38), filed by

Defendant Flora Hernandez, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

and Rule 9(j) of the North Carolina Rules of Civil Procedure.[1]  Defendant Hernandez is

represented by Katherine Hilkey-Boyatt of Cranfill, Sumner & Hartzog, LLP.

## I.     BACKGROUND

     This case has a detailed procedural history, but the Court will only recite the facts

relevant to Defendant's pending motion to dismiss.  Pro se Plaintiff Ricardo Edwin Lanier is a

North Carolina prisoner incarcerated at Bertie Correctional Institution.  Plaintiff filed this action

on November 25, 2015, pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that, while he was

incarcerated as a pre-trial detainee at Henderson County Detention Center ("the jail"), jail

officials failed to protect him from an attack by other inmates, that medical staff subsequently

failed to adequately treat Plaintiff's injuries, and that Plaintiff was placed in "strange and unusual

---

[1]  Plaintiff identified Defendant Hernandez in the Complaint as "FNU Flora."

conditions of confinement" after the attack. Plaintiff has named the following five individuals as Defendants in the Amended Complaint, all alleged to be employees of the jail at all relevant times: (1) Linda Corn, identified as an officer at the jail; (2) Brian Helton, identified as a sergeant at the jail; (3) FNU McDonald, identified as a lieutenant at the jail; (4) Jim Player, identified as a captain at the jail; and (5) Defendant Hernandez, identified as the head nurse at the jail.[2] Specifically, Plaintiff alleges that Defendants Corn, Helton, and McDonald failed to protect Plaintiff from an assault by two other inmates at the jail on October 20, 2015. Plaintiff alleges that the other two inmates threw Plaintiff over a railing, and Plaintiff's feet were injured when he landed on the floor. (Doc. No. 8 at 3). Plaintiff alleges that Defendants Corn, Helton, and McDonald "were fully aware of the possibility of the battery before it actually happened," as these Defendants had heard the two inmates threaten to kill Plaintiff before they assaulted him. (Id. at 2). Plaintiff also alleges that Defendants Corn, Helton, McDonald, and other unnamed "control booth officers" failed to intervene to stop the attack. (Id. at 3). Plaintiff purports to bring a failure to protect claim against Defendants Corn, Helton, and McDonald.

Plaintiff further alleges that, because of the injury to his feet, he was placed in a wheelchair and taken to medical, where movant Defendant Hernandez examined Plaintiff's swollen foot. Plaintiff alleges that Defendant Hernandez treated Plaintiff by only giving him some ibuprofen. (Id.). Plaintiff alleges that he was taken to the booking area and placed in a holding cell, where he was given a mattress and blanket and made to sleep on the floor. (Id. at 4). That night, EMS took x-rays of Plaintiff's foot. The next day Plaintiff was informed that his

---

[2]  On November 30, 2015, the Court dismissed without prejudice Plaintiff's claims because he named as the only Defendants the "Henderson County Detention Center" and "Jail Officials on duty day of incident, et al." On December 14, 2015, Plaintiff filed an Amended Complaint, naming the above five individuals as Defendants.

foot was fractured.  Two days later, Plaintiff was given a foot brace.  Plaintiff asked Defendant Player why he was being forced to remain in a holding cell, to which Player responded that it was because of Plaintiff's foot brace.  Plaintiff alleges that he was forced to sleep on the floor, was given only one blanket without a sheet, was not given any time outside of the holding cell except for a shower every other day, and that a bright light was constantly on in the cell, depriving him of sleep.  Plaintiff describes these as "unusual conditions of confinement" that amounted to an Eighth Amendment violation.  Based on these allegations, Plaintiff purports to bring a conditions-of-confinement claim against Defendant Player.

Defendant Hernandez has now filed the pending motion to dismiss under Rule 12(b)(6), arguing that Plaintiff has not sufficiently stated a claim for deliberate indifference to serious medical needs against her.  Defendant also moves for dismissal of Plaintiff's state law claim against Defendant for medical malpractice.

## II.    STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party.  Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010).  To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  Id.  A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678).

## III.    DISCUSSION

To state a claim for deliberate indifference, an inmate must establish two requirements:

(1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized

measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind.

Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).[3]  In the

medical context, an inmate "must demonstrate that the officers acted with 'deliberate

indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve,

535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

With regard to the objective prong, a "serious medical need" is "one that has been

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention."  Iko, 535 F.3d at 241 (quoting

Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)).  With regard to the subjective prong, a

prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk

posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S.

---

[3]  Plaintiff was a pretrial detainee at all relevant times.  Thus, his claims are properly analyzed under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment.  However, for deliberate indifference claims, the analysis is the same.  The Court recognizes that in 2015, the Supreme Court held in Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015), that excessive force claims brought by pre-trial detainees must be analyzed under a Fourteenth Amendment standard of objective reasonableness.  The Supreme Court in Kingsley did not explicitly extend the objective reasonableness standard for excessive force claims to other claims brought by pretrial detainees, including deliberate indifference claims.  Accord Brandt v. Raphael, Civ. No. 9:13-cv-533, 2016 WL 1572439, at *7 n.7 (N.D.N.Y. Mar. 25, 2016) ("As the decision in Kingsley deals only with excessive force claims, this Court continues to apply Second Circuit precedent setting forth a subjective standard for cases involving allegations of deliberate indifference to a pretrial detainee's serious medical needs . . . ."); Gilbert v. Rohana, 1:14-cv-00630-RLY, 2015 WL 6442289, at *4 (S.D. Ind. Oct. 23, 2015) (stating that "Kingsley did not alter the legal standard for denial of medical treatment claims brought by pretrial detainees like Plaintiff").

at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk was so obvious that it had to have been known").  To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Estelle, 429 U.S. at 105.  To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837.  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983.  See Estelle, 429 U.S. at 106.  Moreover, while the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice.  Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Defendant Hernandez's motion to dismiss as to Plaintiff's claim against her for deliberate indifference to serious medical needs is granted.  By Plaintiff's own allegations, his foot was swollen when Defendant examined it, and she treated him with ibuprofen.  As a threshold matter, Plaintiff's allegations that Defendant Hernandez initially treated Plaintiff's swollen foot with ibuprofen do not give rise to an inference that Defendant Hernandez acted with a sufficiently culpable state of mind to state a deliberate indifference claim.  Indeed, Plaintiff's own allegations give rise to nothing more than a mere disagreement about his initial treatment following the

injury.[4]  See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's §

1983 claim against a physician for allegedly discharging the plaintiff too early from a medical

clinic as such claim did not rise to the level of deliberate indifference but would, "at most,

constitute a claim of medical malpractice").  Moreover, and most significantly, Plaintiff does not

contend that he was not treated for his injuries—in fact, he alleges the opposite.  By Plaintiff's

own allegations, the same night of the incident, EMS took x-rays of Plaintiff's foot.  The next

day Plaintiff was informed that his foot was fractured.  Two days later, Plaintiff was given a foot

brace.  At most, Plaintiff is complaining about a one-day delay in the treatment of his foot,

following the initial treatment with pain medication.  Furthermore, to the extent that Plaintiff is

complaining about his conditions of confinement after he was treated by Defendant Hernandez,

these allegations are not directed at Defendant Hernandez, as she had no control over his

conditions of confinement.

Finally, Defendant contends that, to the extent that Plaintiff purports to bring a state law

claim of medical malpractice against her, this claim should be dismissed because Plaintiff failed

to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure because he has not

submitted a Rule 9(j) certification required for medical malpractice claims in North Carolina.

The Court agrees.  Moreover, Plaintiff indicates in his own response to the motion to dismiss that

he is bringing only a claim for deliberate indifference to serious medical needs under Section

1983, not a claim for negligence under state law.  See (Doc. No. 42 at 4) ("Plaintiff never said

anything about negligence.  Negligence is in state court meaning tort claims.").

---

[4]   For instance, in his response to the motion to dismiss, Plaintiff argues that he should have
been taken immediately to the hospital for his foot injury.  (Doc. No. 42 at 3).

**IV.     CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss is granted, and Defendant

Hernandez is dismissed as a Defendant in this action.

**IT IS THEREFORE ORDERED THAT**:

(1)     Defendant Hernandez's Motion to Dismiss, (Doc. No. 38), is **GRANTED**, and

Defendant Hernandez is dismissed as a Defendant.


Frank D. Whitney
Chief United States District Judge