UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-262-FDW

| | |
|---|---|
| RICARDO EDWIN LANIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HENDERSON COUNTY DETENTION ) | |
| CENTER, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint to Add Supplemental Defendants, (Doc. No. 45), on Plaintiff's Motion for Order of Discovery, (Doc. No. 50), and on Plaintiff's Motion for Discovery, (Doc. No. 51).

Pro se Plaintiff Ricardo Edwin Lanier is a North Carolina prisoner incarcerated at Bertie Correctional Institution. Plaintiff filed this action on November 25, 2015, pursuant to 42 U.S.C. § 1983. Plaintiff alleges, among other things, that while he was incarcerated as a pre-trial detainee at Henderson County Detention Center ("the jail"), jail officials failed to protect him from an assault by two other inmates at the jail on October 20, 2015. Plaintiff alleges that some of the named Defendants and other unnamed "control booth officers" failed to intervene to stop the attack. Plaintiff was allowed to conduct limited discovery to determine the names of the control booth officers working at the time of the incident. Plaintiff now seeks to add Brian Helton and Christy Adams as Defendants, and he alleges that these two individuals failed to intervene during the incident. Helton and Adams oppose the motion, contending that the amendment would be futile.

1

The Court will allow Plaintiff to add Helton and Adams as Defendants, as the Court finds that allowing the amendment would not be futile. Construing the allegations in the light most favorable to Plaintiff, Plaintiff sufficiently alleges in the Complaint that these two officers were in the control booth at the time of the assault and would have been able to see the assault, but failed to intervene. Thus, Brian Helton and Christy Adams are to be added as Defendants in this action.

Next, Plaintiff's motions for discovery will be denied as premature because discovery has not commenced in this action. Plaintiff is advised that discovery does not commence until after Defendants have been served and answered or otherwise responded to the Complaint, and after the Court has entered a Pretrial Order and Case Management Plan in this matter setting forth deadlines for discovery and dispositive motions. Moreover, once discovery commences, Plaintiff must seek discovery from Defendants directly rather than filing motions with the Court. The Court will enter a Pretrial Order and Case Management Plan forthwith.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Motion for Order of Discovery, (Doc. No. 50), and Plaintiff's Motion for Discovery, (Doc. No. 51), are **DENIED** as premature.

(2) Plaintiff's Motion to Amend Complaint to Add Supplemental Defendants, (Doc. No. 45), is **GRANTED**, and Brian Helton and Christy Adams shall be added as Defendants in this action. The Clerk shall mail Plaintiff summons forms for Plaintiff to fill out so that service may be made as to these two Defendants by the U.S. Marshal.

_____
Frank D. Whitney
Chief United States District Judge