UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-262-FDW

| | |
|---|---|
| RICARDO EDWIN LANIER, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | )   **ORDER** |
| | ) |
| HENDERSON COUNTY DETENTION CENTER, et al., | ) |
| | ) |
|      Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Compel, (Doc. No. 78).

Pro se Plaintiff Ricardo Edwin Lanier filed this action on November 25, 2015, pursuant to 42 U.S.C. § 1983. Plaintiff alleges, among other things, that while he was incarcerated as a pre-trial detainee at Henderson County Detention Center ("the jail"), jail officials failed to protect him from an assault by two other inmates at the jail on October 20, 2015. This Court entered a scheduling order on January 11, 2017, setting May 11, 2017, as the deadline for discovery. (Doc. No. 62). The parties have engaged in discovery, and on May 8, 2017, Plaintiff filed the pending motion to compel. (Doc. No. 78).

In his motion to compel, Plaintiff seeks to compel the production of documents from his fourth set of production of documents dated April 2, 2017, including "misconduct reports" of all Defendants (first request); photographs of the holding cell he was placed in after the assault (second request); and photographs of the green mattress and blanket he was given after the assault (third request). For the reasons that follow, Plaintiff's motion will be denied.

1

First, as to Plaintiff's requests for the production of certain photographs (Plaintiff's second and third requests), Defendants state that there are no such photographs in existence, of either the cell or the green mattress or blanket. As Defendants have sufficiently shown that no such photographs exist, this Court will deny Plaintiff's motion to compel discovery of his request numbers two and three.

Next, in his first request, Plaintiff seeks discovery of "misconduct reports" against all Defendants. Federal Rule of Civil Procedure 26(b) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b). Defendants contend that Plaintiff's request is overly broad and unduly burdensome for several reasons. First, Defendants note that complaints and grievances against officers are not kept in a central repository, and searching for the documents would require an individual inspection of all inmate files to determine if grievances were filed. Second, Defendants contend that Plaintiff's request was not limited to a request for grievances similar to the ones at issue in this case—failure to protect and conditions of confinement—nor were the requests limited as to time.[1] Third, Defendants note that any grievances or complaints about officers is confidential under North Carolina state law. See N.C. GEN. STAT. § 153a-98. For the reasons stated by Defendants, the Court finds that Plaintiff's first request is overly broad and unduly burdensome, and not "proportional to the needs of the case."[2]

---

[1] In his motion to compel, the Plaintiff claims he has requested the "misconduct reports only and only to see if any inmates grieved about the same issues as mentioned in this action to bring to the court's attention." (Doc. No. 78 at 2). Defendants note, however, that his discovery request does not contain this same limitation.

[2] Defendants note that they have already produced the five separate videotapes of the incident, and actions before the incident, officer statements, medical policies, Plaintiff's medical records, and photographs of his injuries and the weapon used by the inmates who assaulted Plaintiff.

For the foregoing reasons, Plaintiff's motion is denied because Defendants have shown that the requested photographs do not exist, and because the requests for "misconduct reports" is overbroad, unduly burdensome, and not proportional given the records already produced by Defendants in this litigation.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion to Compel, (Doc. No. 78), is **DENIED**.

Signed: June 5, 2017

Frank D. Whitney
Chief United States District Judge